UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: PHYSICIANS AND SURGEONS HOSPITAL GROUP
    d/b/a TRI-LAKES MEDICAL CENTER        CASE NO. 07-12967-DWH

PHYSICIANS AND SURGEONS HOSPITAL GROUP    PLAINTIFF

VERSUS        ADV. PROC. NO. 09-1035-DWH

BATESVILLE HOSPITAL MANAGEMENT, INC.,
and ROBERT CORKERN, M.D.        DEFENDANTS

OPINION

On consideration before the court is a motion for summary judgment filed by the plaintiff, Physicians and Surgeons Hospital Group, ("Physicians and Surgeons"); a response to said motion having been filed by the defendants, Batesville Hospital Management, Inc., and Robert Corkern, M.D., ("Dr. Corkern"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

Physicians and Surgeons, which operated under the name Tri-Lakes Medical Center, owned a not-for-profit hospital located in Batesville, Mississippi. Batesville Hospital Management, whose president, secretary and treasurer was Dr. Robert Corkern, managed the business operations of Physicians and Surgeons.

A Certificate of Need for thirty-five long term acute care beds was held by Physicians and Surgeons. On February 13, 2007, Batesville Hospital Management entered into a Bed and Certificate of Need Purchase Agreement with Physicians and Surgeons for a purchase price of $896,000.00, which was to be paid according to a fifteen year promissory note bearing interest at the rate of 6% per annum.

Also, on February 13, 2007, Physicians and Surgeons entered into an agreement with Batesville Hospital Management for the lease of the hospital's first floor south hall, containing approximately 3,006 square feet of space, plus equipment and ancillary services, for an annual rental of $351,224.91, payable at the rate of $29,268.74 per month, beginning March 1, 2007.

Physicians and Surgeons alleges that Batesville Hospital Management ceased making payments under the Certificate of Need promissory note after October, 2008, leaving a balance owing of $759,483.00. Physicians and Surgeons additionally alleges that Batesville Hospital Management is in default under the lease agreement in the sum of $289,431.00 for monthly rent, as well as, in the sum of $692,400.00 for dietary and ancillary services. As a result of these breaches, Physicians and Surgeons filed the above captioned adversary proceeding against Batesville Hospital Management and Dr. Corkern setting forth the following counts:
1) Breach of Contract; 2) Misrepresentation and Fraud; 3) Tortious Breach of Contract; and 4) Extra Contractual Damages.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

On October 4, 2009, Physicians and Surgeons served Batesville Hospital Management and Dr. Corkern with requests for admissions. The thirty day period for answering the requests, as required by Rule 7036(a), Federal Rules of Bankruptcy Procedure, and Rule 36(a), Federal Rules of Civil Procedure, expired without the defendants answering or objecting.

Rule 36(a)(3), Federal Rules of Civil Procedure, provide that "A matter is admitted unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney..." Rule 36(b) provides that "A matter admitted under this rule is conclusively established..." *See, In re Carney*, 258 F.3d 415 (5th Cir. 2001). Consequently, since the defendants failed to timely answer or object to the requests for admissions, the requests are deemed admitted. The court will address the admissions of each defendant separately.

The following, which are excerpted from the requests for admissions to Batesville Hospital Management, are now conclusively established:

**REQUEST NO. 1:** Admit that on or about February 13, 2007, you and Physicians and Surgeons Hospital Group entered into a Bed and a state-issued Certificate of Need purchase agreement for a $896,000 promissory note.

**REQUEST NO. 2:** Admit that pursuant to said agreement, you specifically agreed to be bound by the promissory note and contract therewith and that the breach of the contract did not terminate liability of obligation that arose under the contract.

**REQUEST NO. 3:** Admit that as a result of this transfer, you received the Certificate of Need for 35 long-term, acute-care hospital beds, which were of value of at least $896,000.

**REQUEST NO. 4:** Admit that you entered into a lease agreement with Physicians and Surgeons Hospital Group, wherein you agreed to pay Three Hundred and Fifty-One Thousand, Two Hundred and Twenty-Four Dollars and Ninety-One

Cents ($351,224.91) per year and Twenty-Nine Thousand, Two Hundred and Sixty-Eight Dollars and Seventy-Four Cents ($29,268.74) per month with rental payments to begin accruing on March 1, 2007, for the lease of previously stated property.

**REQUEST NO. 5:** Admit that you have materially breached the said contracts and failed to make the required payments on the Promissory Note or the lease agreement.

**REQUEST NO. 6:** Admit that the transfer was made by the Physicians and Surgeons Hospital Group while you and Dr. Robert Corkern were insiders of, to wit persons in control of, the Physicians and Surgeons Hospital Group.

**REQUEST NO. 7:** Admit that said transfer was made by the Physicians and Surgeons Hospital Group with actual intent on the parts of you and Dr. Robert Corkern and you to hinder, delay, or defraud the debtor's then-existing and future creditors.

**REQUEST NO. 8:** Admit that you negotiated the contract, promissory note, and lease with the Physicians and Surgeons Hospital Group with the undisclosed intention of not performing the said agreements.

**REQUEST NO. 9:** Admit that you made written and/or oral promises to the Physicians and Surgeons Hospital Group, which were contained within the written and oral presentations made to the Physicians and Surgeons Hospital Group, to pay under the terms of the agreements in return for the transfer of the aforesaid Certificate of Need.

**REQUEST NO. 10:** Admit that pursuant to the terms of the Promissory Note, you owe Physicians and Surgeon's Hospital Group $759,483 plus interest.

**REQUEST NO. 11:** Admit that you have not made a required payment under the Promissory Note you executed since October of 2008.

**REQUEST NO. 12:** Admit that you have not made the required payments under the Lease Agreement.

**REQUEST NO. 13:** Admit that you never filed a claim for any debt owed to you against Physicians and Surgeon's Hospital Group in Bankruptcy case filed by Physicians and Surgeons Hospital Group d/b/a Tri-Lakes Medical Center under Cause No. 07-12967-DWH.

Under Mississippi law, the elements of a breach of contract action are: "1) the existence of a valid and binding contract; 2) that the defendant has broken or breached; and 3) that the plaintiff has been thereby damaged monetarily." *Favre Property Management LLC v. Cinque Bambini, a Mississippi Partnership*, 863 So.2d 1037, 1044 (Miss. App. 2004). As a result of the deemed admissions by Batesville Hospital Management, the elements of a breach of contract claim regarding the Certificate of Need promissory note have been conclusively established. Batesville Hospital Management has effectively acknowledged its liability to Physicians and Surgeons in the sum of $759,483.00 plus interest. In addition, Batesville Hospital Management has acknowledged its liability to Physicians and Surgeons as a result of the defaults under the lease agreement, but the amounts of the damages were not established through the deemed admissions. As such, the extent of the damages must be established through the presentation of competent evidence.

V.

In their answer, as well as, in their response to the motion for summary judgment, both Batesville Hospital Management and Dr. Corkern asserted affirmatively that they have setoff rights available to them even though they did not file proofs of claim in the Physicians and Surgeons bankruptcy case. In support of their position, they rely on 5-553 Collier on Bankruptcy P 553.07, *Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Constr. Corp.)*, 23 B.R. 147, 151 (Bankr. M.D. Tenn.1992), vacated on other grounds, 706 F.2d 171 (6th Cir. 1983), *In re Sutton Investments, Inc.*, 53 B.R. 226, 230 (Bankr. W.D. La. 1985), and *Suncrete Corp. v. Glusman (In re Suncrete Corp.)*, 100 B.R. 102 (Bankr. M.D. Fla. 1989).

Whether there are indeed viable rights of setoff are issues that must be addressed subsequently. Only then will the court be able to determine whether the alleged rights of setoff mitigate the amounts of damages to which Physicians and Surgeons might be ultimately entitled as a result of the non-payment of the promissory note and the deemed admitted, unliquidated liabilities under the lease agreement.

VI.

The following, which are excerpted from the requests for admissions to Dr. Corkern, are deemed admitted:

**REQUEST NO. 1:** Admit that you are the owner and/or administrator for Batesville Hospital Management, Inc. and are responsible for the day-to-day administration of the company.

**REQUEST NO. 2:** Admit that you were the President, Treasurer, and Secretary of Batesville Hospital Management, Inc. on the date of the agreement giving rise

to this action.

**REQUEST NO. 3:** Admit that you, as President of Batesville Hospital Management, Inc., negotiated the Bed and CON Purchase Agreement, dated February 13, 2007 with Physicians and Surgeons Hospital Group and participated in the negotiation of the contract and made representations concerning the agreement with Physicians and Surgeons Hospital Group while you and Batesville Hospital Management were insiders of, to wit persons in control of, the operations of Physicians and Surgeons Hospital Group.

**REQUEST NO. 4:** Admit that pursuant to the Bed and CON Purchase Agreement that the Bed CONs were transferred by Physicians and Surgeons Hospital Group to Batesville Hospital Management while you and Batesville Hospital Management, Inc. were insiders of, to wit persons in control of, the Physicians and Surgeons Hospital Group.

**REQUEST NO. 5:** Admit that said transfer was made by Physicians and Surgeons Hospital Group with actual intent on the parts of you and Batesville Hospital Management, Inc. to hinder, delay, or defraud Physicians and Surgeons Hospital Group's then existing and future creditors.

**REQUEST NO. 6:** Admit that you negotiated the Contract, Promissory Note, and Lease with Physicians and Surgeons Hospital Group on behalf of Batesville Hospital Management, Inc., with the undisclosed intention of not performing the said agreements.

**REQUEST NO. 7:** Admit that you made written and/or oral promises to Physicians and Surgeons Hospital Group memorialized within the Bed and CON Purchase Agreement to pay under the terms of the Promissory Agreement in return for the transfer of the aforesaid Certificate of Need.

**REQUEST NO. 8:** Admit that you made written and/or oral promises to Physicians and Surgeons Hospital Group memorialized within the Bed and CON Purchase Agreement, to pay under the terms of the Lease Agreement in return for use of space and ancillary services provided by Physicians and Surgeons Hospital Group.

**REQUEST NO. 9:** Admit that at the time you entered into the Bed and CON Purchase Agreement on or about February 13, 2007, you and Batesville Hospital Management, Inc. were running the day to day operations of Tri-Lakes Medical Center at the behest of Physicians and Surgeon's Hospital Group.

**REQUEST NO. 10:** Admit that you never filed a claim for any debt owed to you against Physicians and Surgeon's Hospital Group in bankruptcy case filed by Physicians and Surgeons Hospital Group d/b/a Tri-Lakes Medical Center under Cause No. 07-12967-DWH.

The court has encountered significant difficulty in determining the significance or the legal effect of Dr. Corkern's failure to answer or object to the foregoing requests for admissions. The Certificate of Need Purchase Agreement and the related promissory note were executed by Dr. Corkern only in a representative capacity, not individually or as a guarantor. His signature does not appear on the lease agreement in any capacity. Considered in a context most favorable

to Physicians and Surgeons, the unanswered requests for admissions <u>imply</u> that Dr. Corkern <u>may</u> have been guilty of fraudulent conduct during the negotiation of the aforementioned agreements and in failing to perform the obligations required thereunder.

The elements required to prove fraudulent misrepresentation under Mississippi law are: "1) a representation; 2) its falsity; 3) its materiality; 4) the speakers knowledge of its falsity or ignorance of the truth; 5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury." *Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992). The deemed admissions of Dr. Corkern do not meet all of these requirements. At this time, the court is of the opinion that there are genuine issues of material fact remaining in dispute as to whether Dr. Corkern was guilty of fraudulent conduct, as well as, whether he breached the subject agreements.

## VII.

In summary, the court makes the following conclusions:

1) The defendant, Batesville Hospital Management, because of the deemed admissions, is liable to Physicians and Surgeons for breach of the Certificate of Need Purchase Agreement and the related promissory note in the sum of $759,483.00, plus interest accruing thereon from October 31, 2008, at the contract rate of 6% per annum. Other than the possible right of setoff which has been affirmatively plead by Batesville Hospital Management, there are no material factual issues remaining in dispute regarding this claim.

2) The defendant, Batesville Hospital Management, because of the deemed admissions, is liable to Physicians and Surgeons for breach of the lease agreement, but the amount of damages must be established through the presentation of competent evidence. Other than the possible right of setoff, which has been affirmatively plead by Batesville Hospital Management, there are no material factual issues remaining in dispute regarding the question of Batesville Hospital Management's liability.

3) There are material factual issues remaining in dispute as to whether either Batesville Hospital Management or Dr. Corkern have rights of setoff against the claims of Physicians and Surgeons. These questions must be addressed subsequently, and only then will the court be able to determine if the alleged rights of setoff mitigate the amounts of damages to which Physicians and Surgeons might ultimately be entitled.

4) As to the claims against Dr. Corkern, there are material factual issues remaining in dispute. Consequently, the motion for summary judgment is not well taken.

A separate order will be entered consistent with this opinion.

This the 10th day of February, 2010.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE